# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND COLHOUER,

      Plaintiff,

v.                        Case No. 25-CV-1021

FRANK BISIGNANO,

      Defendant.

## DECISION AND ORDER

## 1. Introduction

After 22 years of service in the military and an honorable discharge, Raymond Colhouer spent another 13 years as a deputy sheriff and retired at age 52. He alleges that he is unable to work due to a collection of ailments, most significantly recurrent headaches and migraines. He applied for Social Security disability insurance benefits. In a decision that became the final decision of the Commissioner after the Appeals Council declined review, Administrative Law Judge William Shenkenberg concluded that Colhouer was not disabled.

Specifically, the ALJ found that Colhouer has the following severe impairments: "headaches/migraines, depression, anxiety, and PTSD." (Tr. 16.) His impairments did not meet or medically equal any listed impairment, *see* 20 C.F.R.

Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, and he had the following residual functional capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must avoid concentrated exposure to hazards (such as moving machinery and unprotected heights). He is able to understand, remember, and carry out simple instructions, and perform simple routine tasks, in a position having only occasional changes. He is able to maintain concentration, persistence, and pace for simple tasks in two-hour increments, over the course of a normal workday and work week. He can have occasional interaction with the public, coworkers, and supervisors.

(Tr. 18.) ALJ Shenkenberg found that although Colhouer could not perform any of his past relevant work, he could work at jobs such as a "Floor Waxer, DOT code 381.687-034," "Hand Launderer, DOT code 361.684-010," or "Counter Supply Worker, DOT code 319.687-010." (Tr. 27.) Therefore, he was not disabled. (Tr. 28.)

## 2. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th

2

Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

## 3. Analysis

Colhouer alleges that the ALJ erred in at least two respects. He failed to properly evaluate the opinion of consultative examiner, *see* 20 C.F.R. § 404.1519, Scott Trippe, PsyD., and his assessment of Colhouer's headaches and migraines was not supported by substantial evidence.

### 3.1. Dr. Scott Trippe, PsyD.

An ALJ must evaluate a medical opinion by considering its (1) supportability; (2) consistency; (3) the provider's relationship with the claimant; (4) the provider's specialization; and (5) any other relevant factors. 20 C.F.R. § 404.1520c(c). Consistency and supportability are the most important factors. 20 C.F.R. § 404.1520c(b)(2).

Trippe concluded:

Raymond Colhouer is unlikely to have difficulty understanding, recalling, and carrying out work instructions. He may have moderate difficulty working with supervisors and co-workers. He may have moderate difficulty maintaining his concentration on task. He does not appear to have the psychological resources to effectively deal with work stress or adapt to changes at work. He does not appear to need the assistance of others to manage his money.

(Tr. 475.)

The ALJ found Trippe's opinions partially persuasive. He concluded:

> However, the undersigned does not regard Dr. Trippe's assessment in the claimant's ability to adapt or manage himself persuasive. Specifically, he opined the claimant did not have the ability to effectively deal with work stress or adapt to changes. (Ex. 2F). Dr. Trippe's report does not describe deficits in major judgment or insight. Further, he notes the claimant has a good fund of working knowledge and reports he is able to manage his own money, shop, follow a recipe, scheduled his own appointments, and take his medications as prescribed. There is no support from Dr. Trippe's report that would support a near inability to function in this domain. Moreover, the treatment notes support no more than moderate difficulties in this domain. Specifically, the treatment note shows the claimant has canceled some medical appointments because of migraines which are significantly increased and triggered by episodes of high stress. However, he is medication compliant, cares for his own medical needs, advocates for himself, and manages his own life independently. Thus, moderate deficits are appropriate in this domain. Accordingly, this portion of his opinion is not persuasive.

(Tr. 23.)

As the ALJ acknowledges in this discussion, Colhouer's "migraines … are significantly increased and triggered by episodes of high stress." Indeed, Colhouer's stress tolerance and its relationship with his anxiety and migraines is one of the most significant aspects of his disability claim. However, the ALJ offered little in his decision generally or specifically in his discussion of Trippe's opinions, to explain the extent Colhouer's intolerance of stress affects his ability to work.

The Commissioner argues that the ALJ provided a sufficient explanation by noting Colhouer's "ability to manage his own life independently (as well as care for his medical needs and advocate for himself)." (ECF No. 14 at 5 (citing Tr. 23).) The Commissioner also notes that elsewhere in the record Colhouer reported "he managed numerous activities that required at least some ability to adapt, like caring for dogs, driving, and managing money." (ECF No. 14 at 5 (citing Tr. 16-17, 271-72).)

In discussing Trippe's opinions, the ALJ referred to Colhouer's "ability to effectively deal with work stress or adapt to changes." Those are two distinct, although perhaps related, domains. But in the ALJ's relevant analysis that follows, he uses the singular "this domain." Thus, it is unclear to which of the two domains he is referring. The factors referenced by the ALJ (and to which the Commissioner now points) do not obviously relate to Colhouer's ability to manage stress.

To the extent that the Commissioner is arguing that Colhouer's ability to deal with stress is not severely impaired because he can largely manage his life, the argument is unpersuasive. Pet care, driving, financial matters, and life in general admittedly may all be stressful. But literally anything could be stressful. The fact that a claimant is not a complete invalid is not a sufficient reason to conclude that a claimant suffering from stress-induced migraines is able to handle work-related stress.

The ALJ also stated that "the treatment notes support no more than moderate difficulties in this domain" and "[t]here is no support from Dr. Trippe's report that would support a near inability to function in this domain." Again, such statements are insufficient to sustain the ALJ's discounting of Trippe's conclusion that Colhouer is unable to handle work-related stress. This is particularly true when he uses the singular "this domain" where again it is unclear if he intended to refer to Colhouer's ability to handle stress or deal with changes. There are details in the report that could be said to support severe stress intolerance including Colhouer's self-reports, his history of high stress and traumatic work, and his diagnosis with PTSD.

Granted, it is not always necessary for an ALJ to state his reasoning in direct proximity to his discussion of a medical opinion. For example, if the ALJ explained elsewhere in his opinion why he concluded that Colhouer was not as severe as Trippe found, he did not need to repeat it in his discussion of Trippe's report. *See Pribnow v. Kijakazi*, No. 21-cv-1238-pp, 2023 U.S. Dist. LEXIS 70619, at *14 (E.D. Wis. Apr. 24, 2023) (citing *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004)). But this duty to review the ALJ's decision holistically does not invite the Commissioner to cobble together disparate statements into a rationale that the ALJ never articulated. *See, e.g., Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing, in part, *SEC v. Chenery Corp.,*318 U.S. 80, 93-95 (1943)). The court is limited to considering what the ALJ said, not what he could have said. The fact that his opinion references something that could support a particular conclusion is not enough. *See Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011); *see also Phillips v. Astrue*, 413 F. App'x 878, 883 (7th Cir. 2010) ("We confine our review to the reasons offered by the ALJ and will not consider post-hoc rationalizations that the Commissioner provides to supplement the ALJ's assessment of the evidence."). Thus, while the record may contain plausible bases for an ALJ to reject Trippe's opinion regarding Colhouer's inability to handle stress, the ALJ did not adequately articulate them.

In sum, the ALJ failed to adequately address Trippe's opinion regarding Colhouer's inability to handle work stress. Specifically, he failed to address the extent to which that opinion was supported by Trippe's report, *see* 20 C.F.R.

§ 404.1520c(c)(1), and consistent with the overall record, 20 C.F.R. § 404.1520c(c)(2). The ALJ failed to adequately "'articulate' and 'explain' how [he] 'considered the supportability and consistency factors' in [his] decision." *See Jones v. Dudek*, 134 F.4th 991, 994 (7th Cir. 2025) (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). In other words, the ALJ failed to build the requisite accurate and logical bridge between the evidence and his conclusion. *See Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024). Consequently, remand is required.

### 3.2. Headaches and Migraines

The ALJ found that Colhouer's migraines were a severe impairment (Tr. 25) and acknowledged that migraines have required him to cancel some medical appointments (Tr. 23).

Colhouer argues that "[t]The ALJ erred in assessing the credibility of Plaintiff's headaches and migraines." (ECF No. 7 at 13.) He accuses the ALJ of impermissible cherry-picking of the evidence to support his conclusion that Colhouer's migraines were not as debilitating as he alleged. (ECF No. 7 at 14.) As for the RFC finding, Colhouer argues that the ALJ failed to explain how the limitations he found accounted for his migraines. (ECF No. 7 at 14-15.)

It is unclear whether Colhouer is making a SSR 16-3p (symptom severity) or SSR 96-8p (RFC) argument. Perhaps he is arguing the ALJ erred on both fronts, but neither argument is particularly well-developed.

The Commissioner responds that the ALJ appropriately did not include limitations related to migraines in the RFC because the ALJ found that Colhouer's

migraines did not impose any work-related limitations beyond those addressed by limiting him to "simple instructions, and perform[ing] simple routine tasks, in a position having only occasional changes" and only "occasional interaction with the public, coworkers, and supervisors" (Tr. 18). (ECF No. 14 at 6.) The Commissioner also points to evidence in the record demonstrating that Colhouer's migraines improved from two per week to only two per month. (ECF No. 14 at 7.)

As explained above, Colhouer's migraines appear to be strongly correlated with his stress. The ALJ failed to adequately address Colhouer's stress tolerance and specifically the extent to which work-related stress may trigger migraines and affect his ability to engage in fulltime work. Addressing that error may lead to reassessment of Colhouer's RFC.

Colhouer, however, has not shown that the ALJ otherwise independently erred in the assessment of Colhouer's migraines vis-à-vis his RFC. The ALJ stated that he did not find that Colhouer's migraines were as severe as he alleged, and Colhouer has failed to demonstrate that this conclusion was not supported by substantial evidence or otherwise the result of an error of law.

## 4. Conclusion

Colhouer closes his brief with a request for the direct award of benefits and remand as an alternative. Colhouer does not develop any argument in support of a direct award of benefits. Much as social security claimants and courts have frequently criticized ALJs for including "meaningless boilerplate" in their decisions, *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013), empty boilerplate is no more appropriate

in a plaintiff's brief. Remand is the ordinary remedy for error in administrative proceedings. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The direct award of benefits is a "rare step," *Martin v. Saul*, 950 F.3d 369, 371 (7th Cir. 2020), "appropriate only if all factual issues have been resolved and the record supports a finding of disability," *Israel v. Colvin*, 840 F.3d 432, 442 (7th Cir. 2016) (quoting *Briscoe v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005)). Colhouer having made no effort to explain how his case fits the legal framework for the direct award of benefits, his request is denied.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **vacated**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of June, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

9